UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANNE MARIE WILLIAMS,

     Plaintiff,

v.                                                                      Case No: 8:15-cv-2959-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## ORDER

Plaintiff, Jeanne Marie Williams, seeks judicial review of the denial of her claim for a period of disability for disability insurance benefits from April 17, 2007 to April 27, 2009. (Dkt. 15.) As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and did not employed proper legal standards, the decision is reversed in part and remanded for further consideration.

## BACKGROUND

### A.      Procedural Background

Plaintiff filed an application for disability insurance benefits on April 9, 2009 with an onset of disability of March 16, 2009. (Tr. 121.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 74, 78.) Plaintiff then requested an administrative hearing. (Tr. 81.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and amended her onset of disability date to April 17, 2007. (Tr. 38-69.) Following the hearing, the ALJ issued a decision finding Plaintiff disabled since January 11, 2010, but not at any time prior. (Tr. 24.) Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1.)

Plaintiff commenced a civil action which was subsequently remanded for further administrative proceedings.  (Tr. 683.)

On October 18, 2013, the Appeals Council issued a partially favorable decision, finding that Plaintiff became disabled on April 27, 2009.  (Tr. 687-695.)  The Appeals Council remanded Plaintiff's claim, ordering the ALJ to obtain additional evidence concerning Plaintiff's impairments and issue a new decision on the issue of disability from April 17, 2007 through April 27, 2009 ("relevant time period").  (Tr. 698-699.)  The ALJ then held a second hearing at which Plaintiff appeared and testified.   (Tr. 600-621.)  The ALJ found that Plaintiff was not disabled during the relevant time period.  (Tr. 591.)  Plaintiff again requested review from the Appeals Council, which the Appeals Council denied.  (Tr. 566-569.)  Plaintiff then timely filed a complaint with this Court.  (Dkt. 1)  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.      Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1960, claimed disability beginning on April 17, 2007.  (Tr. 121, 40.)  Plaintiff has a high school education.  (Tr. 140.)  Plaintiff's past relevant work experience included work as a warehouse foreperson and general office clerk.  (Tr. 134-135.)  Plaintiff alleged disability due to lumbar spine impairment, degenerative disc disease, and severe back pain.  (Tr. 134.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since April 17, 2007, the alleged onset date.  (Tr. 585.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: disorders of the spine, mild chronic obstructive pulmonary disease, obesity, and headaches.  (Tr. 585.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff

did not have an impairment or combination of impairments during the relevant time period that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 587.)

The ALJ then concluded that during the relevant time period, Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work, except that Plaintiff had to sit or stand for one to two minutes at work every thirty to forty-five minutes.  (Tr. 587.)  The ALJ further found that Plaintiff had the ability to occasionally climb ramps and stairs, frequently balance, occasionally crouch, crawl, stoop and kneel but could not climb ladders, ropes, or scaffolds and had to avoid concentrated exposure to extreme heat, humidity, vibration, moving mechanical parts, and open heights.  (Tr. 587.)   Plaintiff was further limited to occasional overhead reaching.  (Tr. 587.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible.  (Tr. 588.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that during the relevant time period, Plaintiff could not perform her past relevant work.  (Tr. 590.)  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a telephone order clerk, clerical assistant, and eye glass assembler.  (Tr. 591.)  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled.  (Tr. 591.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to properly weigh the medical opinion evidence of record; (2) the ALJ failed to properly determine Plaintiff's RFC for the period at issue; and (3) the ALJ failed to properly evaluate Plaintiff's credibility. For the reasons that follow, the ALJ's decision is reversed and remanded for further proceedings.

A.      **Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in considering the medical opinion evidence or record.

(Dkt. 15 at 10.)  Specifically, Plaintiff argues that the ALJ did not properly evaluate the opinions

of treating neurosurgeon Dr. Andrew Fine and failed to consider the opinions of consulting

orthopedic surgeon Dr. Donald Goldman.  (Dkt. 15 at 10-16.)

1.      **Dr. Goldman**

Plaintiff contends that the ALJ failed to consider the opinions of consulting orthopedic

surgeon Dr. Donald Goldman.  (Dkt. 15 at 16.)  Dr. Goldman examined Plaintiff's medical records

in September 2011 at the request of Plaintiff's counsel.  (Tr. 211.)  Dr. Goldman found that

Plaintiff's disability "onset date of 2007 is certainly consistent with the multiple failed spinal

surgeries, surgical procedure, and failure of improvement with symptomatic care." (Tr. 213.)  He

further opined that the "multiple surgeries sustained would have resulted in a painful functional

restriction of motion and radicular pain clearly evidenced by a December 2008 MRI revealing

enhancing scar tissue about the nerve roots." (Tr. 213.)  Dr. Goldman concluded that Plaintiff

would have been permanently disabled prior to 2007 based upon ongoing pain and surgical

procedures.  (Tr. 213.)

Consultative examiners' opinions are not entitled to the deference normally given treating

sources because they are not treating physicians. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir.

1987) (finding that opinions of consultative examining physicians "are not entitled to deference

because as one-time examiners they were not treating physicians"); *Crawford v. Comm'r of Soc.

Sec.*, 363 F.3d 1155, 1160-61 (11th Cir. 2004) ("The ALJ correctly found that, because [a

consultative examiner] examined [claimant] on only one occasion, her opinion was not entitled to

great weight."); 20 C.F.R. § 404.1527(c)(2) (explaining that treating sources are given greater

weight because their opinions "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").  Dr. Goldman was not a treating physician, but instead examined Plaintiff's medical records to provide opinions as to Plaintiff's disability.  Thus, Dr. Goldman's opinions were not entitled to deference by the ALJ.

However, when assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).  Although an ALJ is not required to discuss every piece of record evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam), an ALJ cannot pick and choose which evidence supports his or her decision while disregarding evidence to the contrary.  *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (concluding that the ALJ's decision was not supported by substantial evidence when the ALJ focused on one aspect of the evidence while disregarding contrary evidence); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985) (providing that the ALJ's failure to mention or consider contrary medical records, let alone articulate reasons for disregarding them, is reversible error).  Further, the ALJ must "state with at least some measure of clarity the grounds for his decision" so that the Court can determine whether the ALJ had substantial justification for his finding.  *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).  Without an explanation of the weight accorded to each item of evidence and an explanation of the reason for the ALJ's decision, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.  *Gaskin v. Comm'r of Soc. Sec.*, 533 F. App'x 929, 931 (11th Cir. 2013); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Here, the ALJ did not specifically address Dr. Goldman's opinions.  The ALJ did state that she considered opinion evidence in accordance with the requirements of Section 404.1527, Title 20, Code of Federal Regulations and Social Security Rulings 96-2p, 96-5p, 96-6p, and 06-3p.  (Tr. 587.)  She also considered the December 2008 MRI of Plaintiff's cervical and lumbar spine that Dr. Goldman considered.  (Tr. 212, 588.)  Both the ALJ and Dr. Goldman relied on the opinion of treating physician Dr. Paul Beebe.  Dr. Goldman noted Dr. Beebe's diagnosis of "Failed Back Syndrome" and that Dr. Beebe treated Plaintiff with additional narcotic analgesic which offered Plaintiff some relief.  (Tr. 212.)  The ALJ specifically noted Dr. Beebe's opinion that "[w]ith the medications, the patient has a higher level of functioning and better quality of life."  (Tr. 273, 588.)

While it is possible to infer that the ALJ rejected Dr. Goldman's opinions, the ALJ did not express such a conclusion.  Likewise, it is plausible to deduce that the ALJ rejected Dr. Goldman's opinions based on the same reasoning that she afforded Dr. Fine's opinions a limited weight.  However, Dr. Goldman's opinions support the findings of Dr. Fine.  Thus, it is also possible to infer that the additional opinions of Dr. Goldman, if properly considered, may have demonstrated that the extent of Plaintiff's injuries and limitations during the relevant time period was greater than the ALJ opined.  *See Baez v. Comm'r of Soc. Sec.*, 657 F. App'x 864, 870 (11th Cir. 2016).

However, it is not within the province of the Court to make such a determination when the ALJ did not proffer an explanation for her decision.  *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 732-33 (11th Cir. 2011) (finding that "[w]ithout a clear explanation of the ALJ's treatment of [the doctor's opinion, [the court] cannot determine whether the ALJ's ultimate decision on the merits was rational and supported by substantial evidence" and "when the ALJ fails to state with sufficient clarity the grounds for his evidentiary decisions, [the court] will not affirm simply because some rationale might have supported the ALJ's conclusion, and instead

remand for further findings at the administrative hearing level.") (internal quotations and citations omitted).

In light of this, the Court is unable to determine whether the ALJ's decision concerning Dr. Goldman's opinions is supported by substantial evidence or determine how the decision was made, as the ALJ supplied no explanation for the Court to consider.  *See Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 766 (11th Cir. 2014) (finding that because of an ALJ's failure to state with particularity the weight he gave two examining physicians and a reviewing physicians, the court is "unable to determine whether the ALJ's conclusions about the medical opinions are supported by substantial evidence.  The ALJ's statement that he carefully considered the entire record is not sufficient."); *Owens*, 748 F.2d at 1514–15 (stating that a "clear articulation of both fact and law is essential to [the court's] ability to conduct a review that is both limited and meaningful").  Doing so would be akin to the Court injecting its own assumptions for the ALJ's conclusion when the decision itself is silent as to the ALJ's reasoning for a particular finding.  *See Owens*, 748 F.2d at 1515 (declining to affirm "simply because some rationale might have supported the ALJ's conclusion").

In short, although the ALJ considered the December 2008 MRI and Dr. Beebe's treatment note, it is unclear whether the ALJ considered Dr. Goldman's opinions.  Moreover, even if the Court were to assume the ALJ considered Dr. Goldman's opinion, the ALJ did not assign Dr. Goldman's opinion a particular weight.  Based on this, the Court is unable to determine whether the ALJ's conclusions were rational and supported by substantial evidence.  The Court therefore reverses under sentence four of 42 U.S.C. § 405(g) and remands so that the ALJ can explicitly consider and explain the weight accorded to Dr. Goldman's opinions regarding Plaintiff's disability onset date.

### 2.    Dr. Fine

Plaintiff also contends that the ALJ erred in giving treating physician Dr. Fine's opinions "little weight" despite the general deference afforded to medical opinions from treating physicians. (Dkt. 15 at 10.)   Plaintiff specifically argues that Dr. Fine's opinions are supported by the medical evidence of record, and the ALJ failed to identify substantial evidence contradicting Dr. Fine's opinions.  (Dkt. 15 at 11-12.)

When determining the weight to give a medical opinion, an ALJ considers the following factors: (1) whether the physician performed an examination; (2) the treatment relationship, including the length, nature, and extent of the relationship; (3) the amount of explanation and medical support the physician provides in reaching an opinion; (4) how consistent the physician's opinion is with the entire record; (5) whether the treating physician is a specialist; and (6) any other factors raised by a claimant.  20 C.F.R. § 404.1527(c)(1)–(6).

A treating physician's testimony is "given substantial or considerable weight unless good cause is shown to the contrary" and an ALJ must specify the weight given to the treating physician's opinion.  *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).  An ALJ's failure "to clearly articulate the reasons for giving less weight to the opinion of a treating physician" is reversible error.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see* 20 C.F.R. § 404.1527(c)(2) (stating that more weight is given to a claimant's treating physician if the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence").  Good cause for giving a treating physician's opinion less weight "exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical

records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004). Ultimately, the ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

During the relevant time period, Dr. Fine opined that Plaintiff was unable to work due to an inability to sit or stand for prolonged periods as well as bending and lifting restrictions. (Tr. 316-318, 335-336.) On April 27, 2009, Dr. Fine opined that Plaintiff's impairments resulted in tenderness and constant muscle spasms in the lower back, abnormal gait, and radicular pain. (Tr. 360-366.) He also stated that in an eight-hour workday, Plaintiff could sit for two hours, stand/walk for two hours, lift and carry up to five pounds frequently and up to ten pounds occasionally. (Tr. 363-364.) Dr. Fine stated that Plaintiff could not push, pull, kneel, bend, or stoop and recommended Plaintiff undergo surgery. (Tr. 364, 366.) Finally, Dr. Fine opined that these limitations applied since 2005. (Tr. 366.)

In evaluating the opinions of Dr. Fine, the ALJ stated:

[I]n August 2007, Dr. Fine indicated that the claimant was "ready to start light duty with no lifting greater than 20 pounds." Further accompanying treatment notes reflect that the claimant was doing well after her April 2007 surgery. Moreover, as the Appeals Council noted, the claimant was working well beyond 2005 and the objective evidence in the records shows that until Dr. Fine's April 2009 examination, the claimant's impairment would not preclude her from performing work activity with greater limitations than as set forth [in the RFC]. Thus, Dr. Fine's assessments are inconsistent with the evidence as a whole through April 27, 2009.

(Tr. 320, 322, 589.) The ALJ further found that Plaintiff's limited sedentary RFC contemplates a sit/stand option which limits Plaintiff from sitting or standing for prolonged periods and is consistent with Plaintiff's testimony that she was able to lift up to ten pounds repetitively in an eight-hour workday through April 27, 2009. (Tr. 589.)

- 11 -

Thus, in weighing Dr. Fine's opinions, the ALJ explained that she afforded little weight to the opinions based on the following reasons: (1) the severity of the limitations and disability onset date provided by Dr. Fine were inconsistent with the objective evidence record; and (2) the severity of the limitations and disability onset date provided by Dr. Fine were inconsistent with Dr. Fine's own medical records.  (Tr. 589.)  Plaintiff argues that the ALJ failed to weigh Dr. Fine's opinions under all of the factors provided in Section 404.1527, Title 20, Code of Federal Regulations.  (Dkt. 15 at 14.)  However, the ALJ was not required to explicitly address each of the factors.  *See* 20 C.F.R § 404.1527(c)(2); *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) ("[T]he ALJ is not required to explicitly address each of those factors. Rather, the ALJ must provide 'good cause' for rejecting a treating physician's medical opinions.").  Therefore, the ALJ properly afforded little weight to Dr. Fine's opinions and provided good cause for doing so.  *See Winschel*, 631 F.3d at 1179 (providing that good cause exists to discount the opinion of a treating physician when the physician's opinion is conclusory or inconsistent with the physician's own medical records).

Plaintiff argues that the ALJ failed to identify substantial evidence contradicting Dr. Fine's opinions because Plaintiff's statement that she was "doing well" does not indicate her ability to work, and on June 12, 2007, Plaintiff's leg pain returned.  (Dkt. 15 at 12.)  Plaintiff also argues that the ALJ erred because Dr. Fine's August 13, 2007, regarding Plaintiff's ability to "start light duty" does not define "light" work or indicate that Plaintiff could perform light work forty hours a week.  (Tr. 320.)  Plaintiff relies an October 8, 2007, treatment note wherein Dr. Fine states that Plaintiff had continuing difficulties in standing and sitting.  (Tr. 318.)

Plaintiff also argues that her alleged onset date of April 17, 2007, should have been adopted because it is consistent with the evidence of record.  (Dkt. 15 at 15.)  Plaintiff bases this argument

on the fact that her alleged onset date is consistent with her earning records, the date she stopped working, and the date she underwent her fourth lumbar spine surgery.  (Dkt. 15 at 15.)  Plaintiff further argues that there is no evidence she sustained relief from her disability after April 17, 2007.  (Dkt. 15 at 16.)  However, as discussed above, the ALJ provided evidence in her opinion that Plaintiff did sustain relief from her symptoms after April 17, 2007.  (Tr. 320, 322, 589.)

Moreover, these contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from "re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner]...even if the evidence preponderates against" the decision. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting *Bloodsworth*, 703 F.2d at 1239). We may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it. *See Dyer*, 395 F.3d at 1210.

Plaintiff further contends that if the ALJ felt the medical findings regarding Plaintiff's disability onset date were insufficient, the ALJ was required to seek clarification from Dr. Fine or take testimony from a medical expert, as ordered by the Appeals Council.  (Dkt. 15 at 11-12.) Plaintiff argues that the ALJ has an obligation to develop the record independent of any duty Plaintiff to present evidence of disability.

The ALJ has a basic obligation to develop a full and fair record.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  Nevertheless, the plaintiff bears the burden of proving that he or she is disabled and is responsible for producing evidence to support his or her claim.  *Id.* Furthermore, a violation of this duty does not require a remand unless the record reveals evidentiary gaps which result in unfairness or clear prejudice.  *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995); *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (per curiam).  This

requires a showing that the ALJ lacked all relevant evidence or that the ALJ did not consider all of the relevant evidence in the record in reaching a decision. *Kelley*, 761 F.2d at 1540.

Despite Plaintiff's contention, the Appeals Council did not order the ALJ to seek clarification from Dr. Fine or consult a medical expert. (Tr. 699.) Rather, the Appeals Council specifically ordered the ALJ to: (1) obtain additional evidence concerning Plaintiff's impairments during the period at issue; (2) give further consideration to Plaintiff's maximum RFC and provide appropriate rationale with specific references to evidence of record in support of the limitations; (3) if necessary, obtain evidence from a medical expert to clarify the date of onset; and (4) if warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations. (Tr. 699.) Thus, the ALJ was only required to consult a medical expert "if necessary." (Tr. 699.) The record reflects it was supplemented with a May 2014 report from Dr. Fine's assistant, which was dictated under Dr. Fine's supervision and details the basis for his opinion. (Tr. 841-843.) Further, the Appeals Council denied Plaintiff's request for review of the ALJ's June 19, 2014, decision and declined to assume jurisdiction. (Tr. 566.) Thus, Plaintiff has failed to show evidentiary gaps in the record that resulted in unfairness or clear prejudice. *Kelley*, 761 F.2d at 1540.

**B.     The ALJ's Assessment of Plaintiff's RFC**

Plaintiff next contends that the ALJ erred in determining Plaintiff's RFC. Specifically, Plaintiff argues that the ALJ failed to cite any specific medical facts or non-medical evidence that supports a sedentary RFC for Plaintiff and instead determined Plaintiff's RFC based on her own judgment. (Dkt. 15 at 18.)

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). The RFC is defined as

the most a claimant "can still do despite [his] limitations." *Id.* § 404.1545(a)(1).  To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical, mental, or environmental limitations caused by the claimant's impairments and related symptoms.  *Id.* § 404.1545(a)(1), (3).  The ALJ will consider the limiting effects of all the claimant's impairments, even those that are not severe, in determining the RFC.  *Id.* § 404.1545(e).  Ultimately, the ALJ's RFC assessment need not be identical to a particular assessment of record or incorporate precise limitations set forth by a physician.  *See id.* § 404.1545(a)(3) (stating that all of the record evidence is considered in the RFC assessment).  Further, while the ALJ should consider medical opinions regarding a claimant's ability to work in forming the RFC, the medical opinions are distinct from the RFC assessment. *Id.* §§ 404.1513(b), (c), 404.1527, 404.1545, 416.913(b), (c), 416.927, 416.945.  Specifically, a claimant's RFC is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

Here, the ALJ made the determination at step four of the sequential process that during the relevant time period, Plaintiff retained a RFC to perform sedentary work with additional limitations.  (Tr. 587.)  The ALJ stated that she considered all symptoms, opinion evidence, and the entire record.  (Tr. 587.)  The ALJ specifically addressed Plaintiff's medication management with her general practitioner for complaints of depression, opinions of state agency mental health experts, Plaintiff's multiple spinal surgeries, the December 2008 MRI of Plaintiff's lumbar spine, Plaintiff's medication management with Dr. Beebe, and Plaintiff's own testimony regarding her pain and daily activities.  (Tr. 586-588.)  The ALJ is not required to "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to allow the court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer,* 395 F.3d at

1211. The ALJ found that the sedentary level work determination was consistent with the evidence of record, including medical evidence. Therefore, the ALJ based the RFC determination on substantial evidence. *See Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009); *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007). However, on remand, to the extent the ALJ assigns Dr. Goldman's opinions weight, the ALJ shall reconsider Plaintiff's RFC in light of Dr. Goldman's opinions.

## C.    Credibility

Finally, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's credibility. Specifically, Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence. (Dkt. 15 at 19.)

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). A three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must show: (1) objective medical evidence of an underlying medical condition and either (2) objective medical evidence that substantiates the severity of the pain from the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Id.*; *Wilson*, 284 F.3d at 1225.

The ALJ can make credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt*, 921 F.2d at 1223. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995); *see also Holt*, 921

- 16 -

F.2d at 1223 ("[T]he ALJ's discretionary power to determine the credibility of testimony is limited by his obligation to place on the record explicit and adequate reasons for rejecting that testimony."). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d. at 1562.

When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. 20 C.F.R. § 404.1529(c)(3). The credibility determination does not need to cite particular phrases or formulations. However, it cannot merely be a broad rejection that is not enough to enable the reviewing court to conclude that the ALJ considered the medical condition as a whole. *Dyer*, 395 F.3d at 1210.

In evaluating Plaintiff's subjective complaints of pain, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. (Tr. 588.) As such, the ALJ concluded that Plaintiff had an underlying medical condition that could rise to disabling pain, but the evidence did not show that her condition was severe enough to produce disabling pain. *Anderson v. Comm'r of Soc. Sec.*, 427 F. App'x 761, 764 (11th Cir. 2011).

Plaintiff argues that the ALJ mischaracterized the record in finding that it did not document any significant abnormalities. (Dkt. 15 at 19.) Plaintiff also argues that the descriptions of Plaintiff "doing well" in the medical records has no relationship to her functional capacity to work and that Plaintiff's daily living activities are not comparable with the requirements of sedentary work. (Dkt. 15 at 20.)

Despite Plaintiff's argument, a review of the ALJ's decision reflects that the ALJ carefully considered the Plaintiff's testimony and provided adequate reasons for finding the Plaintiff not entirely credible.  The ALJ reasoned that Plaintiff's surgeries provided some relief of her pain during the relevant time period.  (Tr. 322, 588.)  The ALJ also found that despite a history of chronic obstructive pulmonary disease, the objective medical imaging revealed no acute heart or lung findings.  (Tr. 448-472, 589.) Further, the ALJ considered Plaintiff's daily activities.  For example, the ALJ considered that Plaintiff is independent in maintaining her personal care and examination notes repeatedly indicated she presented with good grooming.  (Tr. 155, 297, 299, 301, 341, 344, 372, 394, 401, 588.)  In addition, in April 2009, Plaintiff also reported that she cooks and prepares food, manages money, gardens, dines out, shops for groceries, sweeps, vacuums, and drives.  (Tr. 154-158, 588.)  Although not dispositive, Plaintiff's activities may show that her condition is not as limiting as she alleged.  *See* 20 C.F.R. § 404.1529(c)(3)(i); *Dyer*, 395 F.3d at 1212; *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987).  Thus, the record indicates that the ALJ's credibility determination is supported by substantial evidence.  However, on remand, to the extent the ALJ assigns Dr. Goldman's opinions weight, the ALJ shall reconsider Plaintiff's credibility in light of Dr. Goldman's opinions.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1.  The decision of the Commissioner is **REVERSED** in part and the case is

**REMANDED** under sentence four of 42 U.S.C. 405(g) for further proceedings consistent with this Order.

2.   The Clerk of Court is directed to enter judgment consistent with this Order.

**DONE** and **ORDERED** in Tampa, Florida, on February 9, 2017.


_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record